IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02314–CMA–KMT

JULIAN GUZMAN and
VICKIE GUZMAN,

      Plaintiffs,

v.

WERNER CO. d/b/a NEW WERNER CO., a Delaware corporation,
NEW WERNER HOLDING CO. (DE), INC. f/k/a NEW WERNER HOLDING CO. (DE), LLC
d/b/a WERNER HOLDING CO., a Delaware corporation,
LOWE'S COMPANIES, INC., a North Carolina corporation,
LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, and
LOWE'S HIW, INC., a Virginia corporation,

      Defendants.

---

## ORDER

---

    This matter is before the court on Plaintiffs' "Unopposed Motion to Stay Lawsuit or Extend All Deadlines to After June 1, 2016" (Doc. No. 9) and "Unopposed Motion to Reschedule Scheduling Conference Set for January 21, 2016" (Doc. No. 11).

    This action arises out of physical injuries sustained by Plaintiff, Julian Guzman ("Mr. Guzman"), after falling from an allegedly defective Werner attic ladder in April 2014. (Doc. No. 9 at 1). Mr. Guzman continues to undergo medical treatment for the same, including an anticipated final surgery sometime between February and April 2016. *Id.* By way of Plaintiffs' Unopposed Motion, the parties have informed the court that they are attempting to resolve this

matter but cannot reach a final resolution until Mr. Guzman's medical treatment is closer to its conclusion. *Id.* at 1-2. As such, Plaintiffs have requested the court stay proceedings in this matter or, in the alternative, extend all deadlines to after June 1, 2016. *Id.* at 2.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D.Colo. March 30, 2006). However, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). In evaluating a request for a stay, the following five factors guide the court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese*, 2006 WL 894955, at *2; *see also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa.1980). Here, the *String Cheese* factors weigh in favor of the imposition of an indefinite stay of proceedings.

The first *String Cheese* factor weighs in favor of a stay as Plaintiffs are the party making the request. The second factor *String Cheese* examines is the burden on Defendants if the parties are required to proceed prior to Mr. Guzman's completion of medical procedures, including an anticipated final surgery. Plaintiffs have indicated the parties are attempting to resolve the matter, however, final resolution is difficult to obtain until the parties have a more accurate estimate of Plaintiffs' damages, including Mr. Guzman's medical bills and related expenses.

(Doc. No. 9 at 1-2). The court recognizes the parties may expend considerable time and resources in discovery that, if they can resolve the litigation once Plaintiffs' damages are more definite, will have been unnecessary.  Thus, the court finds the second factor weighs in favor of a stay.

The court also considers its own convenience, the interests of non-parties, and the public interest.  None of these factors prompt the court to reach a different result. In fact, neither the court nor the parties' time is well-served by struggling over the substance of Plaintiffs' claims when resolution may be reached without those efforts.  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citation and quotations omitted).

Therefore, for the foregoing reasons, it is

**ORDERED** that the "Unopposed Motion to Stay Lawsuit or Extend All Deadlines to After June 1, 2016" (Doc. No. 9) and "Unopposed Motion to Reschedule Scheduling Conference Set for January 21, 2016" (Doc. No. 11) are **GRANTED.**  It is further

**ORDERED** that Defendants shall file their Answer to Plaintiffs' Complaint no later than June 15, 2016.  It is further

**ORDERED** that the Scheduling Conference currently scheduled for January 21, 2016 is vacated, to be reset by separate Order.

Dated this 12th day of January, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge